UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SHAWNEE O'DONNELL,<br>    Plaintiff, | : CIVIL CASE NO.<br>:<br>: |
| VS. | :<br>: |
| UNIVERSITY OF CONNECTICUT<br>HEALTH CENTER,<br>    Defendant. | :<br>:<br>: AUGUST 5, 2015 |

## COMPLAINT

**I.  PRELIMINARY STATEMENT**

1. This action seeks declaratory, injunctive, and equitable relief, compensatory and punitive damages, and costs and attorney fees for the unlawful acts of retaliation directed against the plaintiff by the defendant for opposing unlawful gender discrimination and sexual harassment to which the plaintiff had been subjected by her supervisor in violation of the provisions of Title VII of the Civil Rights Act of 1964, as amended.

**II.  JURISDICTION**

2. This action arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, et seq., and the Civil Rights Act of 1991, 42 U.S.C. §1981a.

3. Jurisdiction is invoked pursuant to Title 28 U.S.C. § 1331, Title 28 U.S.C. § 1343(a)(3), Title 28 U.S.C. § 1343(a)(4), Title 28 U.S.C. § 1367, Title 28 U.S.C. § 2201(a), and Title 42 U.S.C. §2000e-5(f).

4. All conditions precedent to jurisdiction under Section 706 of Title VII of the Civil Rights Act of 1964, Title 42 U.S.C. §2000e-5(f)(3), have occurred or have been complied with in the following manner:

      a. On October 27, 2014, a charge of employment discrimination on the basis of retaliation was filed with both the State of Connecticut Commission on Human Rights and Opportunities and with the United States Equal Employment Opportunity Commission, which filing was within 180 days, in the case of the former, and 300 days, in the case of the latter, of the commission of the unlawful employment practices alleged therein;

      b. On June 1, 2015, the plaintiff was issued a "Release of Jurisdiction," by the Connecticut Commission on Human Rights and Opportunities. *Exhibit 1*.

      c. On May 12, 2015, the plaintiff was issued a "Notice of Right to Sue" by the United States Equal Employment Opportunity Commission. *Exhibit 2*.

5. Declaratory, injunctive, compensatory and equitable relief is sought pursuant to Title 28 U.S.C. §2201, §2202 and Title 42 U.S.C. §2000e-5(g). Compensatory damages are sought pursuant to Title 42 U.S.C. §1981a.

6. Costs and attorney fees may be awarded pursuant to Title 42 U.S.C. §2000e-5(k), and Title 42 U.S.C. §1988.

### III. VENUE

7. This action properly lies in the District of Connecticut pursuant to Title 28 U.S.C. §1391(b) because the claims arose in this judicial district, and pursuant to Title 42 U.S.C. §2000e-5(f)(3), because the unlawful employment practices were committed in this judicial district.

### IV. PARTIES

8. The plaintiff is a citizen of the United States and resides in Orange, Connecticut.

9. The plaintiff's gender is female.

10. The defendant, University of Connecticut Health Center, is an agency and political subdivision of the State of Connecticut.

11. The defendant is a person within the meaning of Section 701(a) of Title VII of the Civil Rights Act of 1964, Title 42 U.S.C. §2000e(a).

12. The defendant is an employer within the meaning of Section 701(b) of Title VII of the Civil Rights Act of 1964, Title 42 U.S.C. §2000e(b).

13. The defendant employs more than fifteen employees.

## V. STATEMENT OF FACTS

14. The defendant is a health institution which provides, among other programs, health services to the inmates residing within the correctional institutions of the State of Connecticut.

15. The defendant hired the plaintiff on October 4, 2013 to work as a per diem nurse assigned to Osborne Correctional Institution.

16. The plaintiff worked on the average twenty-four to thirty-two hours per week as a per diem nurse assigned to Osborne Correctional Institution.

17. On January 10, 2014, the defendant offered the plaintiff a durational assignment, which she accepted once she was assured by her supervisor, Rob Ramonas ("Ramonas"), that upon the conclusion of the durational assignment, she would automatically revert to her per diem employment status without a break in her employment.

18. The established practice of the defendant was to return per diem nurses, who had accepted durational assignments, to their per diem status on the conclusion of their durational assignments.

19. After the plaintiff commenced her durational assignment, Ramonas would instruct the plaintiff to report to his office for reasons unrelated to her employment and job duties.

20. When the plaintiff inquired of Ramonas as to the reason he required her to report to his office, Ramonas would respond, "I just needed to look at you."

21. Ramonas would instruct the plaintiff to report to his office on a daily basis without a legitimate reason, solely to physically observe her.

22. In February of 2014, Ramonas made extremely inappropriate comments to the plaintiff regarding the clothes which the plaintiff had worn to work.

23. In February of 2014, Ramonas called the plaintiff to his office and informed her that he had concerns about the plaintiff wearing jeans on her assignments.

24. The wearing of jeans did not violate any policy of the defendant.

25. After the plaintiff objected to Ramonas' comments, pointing out that most of the other nurses wore jeans as well, Ramonas replied "look at you Shawnee, and look at them."

26. When the plaintiff questioned Ramonas as to the meaning of his statement, Ramonas replied, "you are too pretty to wear jeans here and your body is too nice."

27. The plaintiff informed Ramonas that his comments were sexually degrading, discriminatory, and unprofessional.

28. On a day the plaintiff was wearing "scrubs," Ramonas offensively told the plaintiff, "do not let them get any looser, or I'll have nothing to look at."

29. On March 31, 2014, the plaintiff came down ill, and reported to the defendant that she would not be coming to work.

30. On April 1, 2014, the plaintiff, still feeling ill, was examined by her physician who placed her on medical leave until April 4, 2014.

31. Approximately one week after returning to work, the plaintiff was issued a written warning for being out of work too many days.

32. A counseling meeting was scheduled between the plaintiff and Ramonas, who falsely informed the plaintiff that she could not have her union delegate at the meeting because she had no union rights.

33. During the counseling session, Ramonas told the plaintiff, "I will fight for you, if it's worth it."

34. When the plaintiff inquired as to the meaning of his statement, Ramonas replied, "I think you know what I mean."

35. Because of the overt sexual connotation of Ramonas' comment, the plaintiff filed a written complaint with the Department of Corrections about Ramonas' sexually harassing behavior.

36. The Department of Corrections turned the complaint over to Brian Liebel ("Liebel"), who was the defendant's health service administrator assigned to Osborne Correctional Institution.

37. Immediately after the complaint was received by Liebel, the plaintiff was subjected to retaliation.

38. The plaintiff's requests to shift work posts were unreasonably denied, when previously her requests were always granted so long as the other nurse, in the same classification, agreed to the switch.

39. The plaintiff was denied overtime, when prior to her complaint, she was allowed on many occasions to work overtime assignments.

40. On May 20, 2014, as a result of the retaliatory conduct of the defendant, the plaintiff inquired of the defendant's human resources director, Noreen Logan ("Logan"), if she could end the durational assignment early, and return to her per diem status.

41. Logan informed the plaintiff that upon providing a two week working notice that she was ending her durational assignment, she would return to her per diem employment at the expiration of the two weeks.

42. On May 23, 2014, Liebel emailed the plaintiff informing her that her request to end her durational assignment had been accepted, but that her request to return to her employment as a per diem status had been denied.

43. Liebel's actions resulted in the termination of the plaintiff's employment by the defendant for the sole reason that she had opposed the sexual harassment to which she was subjected by Ramonas.

44. The defendant terminated the plaintiff's employment in retaliation against the plaintiff for opposing unlawful gender discrimination and sexual harassment to which the plaintiff had been subjected by Ramonas.

VI. **FIRST CAUSE OF ACTION (Retaliation In Violation of Title VII of the Civil Rights Act of 1964, as amended)**

45-88. The plaintiff incorporates as if re-alleged paragraphs 1 through 44.

89. The defendant discriminated against the plaintiff on the basis of the plaintiff's opposition to the sexually harassing conduct of Rob Ramonas, which she voiced to her supervisors, and the State of Connecticut Department of Corrections.

90. The plaintiff's action in complaining about the sexually harassing conduct of Rob Ramonas was protected activity under the provisions of Title VII of the Civil Rights Act of 1964, as amended.

91. After the plaintiff complained about the sexual harassment to which Rob Ramonas had subjected her, the defendant, through its authorized officials, Brian Liebel, and Rob Ramonas retaliated against her by denying her normal work courtesies enjoyed by her similarly situated co-workers, including voluntary shift changes, and the assignment of overtime work.

92. After the plaintiff complained about the sexual harassment to which Ramonas had subjected her, the defendant, through its authorized officials, Brian Liebel, terminated the plaintiff's employment.

93. The defendant violated the provisions of Title VII of the Civil Rights Act of 1964, as amended, because it retaliated against the complainant on account of her opposition to the gender discrimination and sexual harassment to which she was subjected by Ramonas

94. The defendant engaged in unlawful retaliation against the plaintiff with malice and/or reckless indifference to the plaintiff's rights under Title VII of the Civil Rights Act of 1964, as amended.

95. The plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged and the plaintiff is now suffering and will continue to suffer irreparable injury from his treatment by the defendant unless the defendant is enjoined by this Court.

96. The plaintiff has suffered emotional distress as a result of the defendant's retaliatory conduct.

### VII.  PRAYER FOR RELIEF

WHEREFORE, THE PLAINTIFF PRAYS THAT THIS COURT:

i. Declare the conduct engaged by the defendant to be in violation of the plaintiff's rights under Title VII of the Civil Rights Act of 1964, as amended;

ii. Enjoin the defendant from engaging in such conduct;

iii. Award plaintiff compensatory damages;

iv. Award plaintiff back pay and benefits, as well as front pay and benefits;

v. Award the plaintiff prejudgment interest, as well as post-judgment interest;

vi. Award plaintiff costs and attorney fees; and

vii. Grant such other and further relief as the Court may deem just and proper.

**THE PLAINTIFF REQUESTS A TRIAL BY JURY.**

THE PLAINTIFF – SHAWNEE O'DONNELL

BY/s/ Thomas W. Bucci
Thomas W. Bucci
Fed. Bar #ct07805
WILLINGER, WILLINGER & BUCCI, P.C.
855 Main Street
Bridgeport, CT  06604
Tel: (203) 366-3939
Fax: (203) 337-4588
thomaswbucci@outlook.com

PLAINTIFF'S EXHIBIT 1

# STATE OF CONNECTICUT
## COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES

Shawnee O'Donnell
**COMPLAINANT**

CHRO No. 1540145

vs.

University of Connecticut Health Center      EEOC No. 16A-2015-00200
**RESPONDENTS**

## RELEASE OF JURISDICTION

The Commission on Human Rights and Opportunities hereby releases its jurisdiction over the above-identified complaint. The Complainant is authorized to commence a civil action in accordance with CONN. GEN. STAT. § 46a-100 against the Respondent in the Superior Court for the judicial district in which the discriminatory practice is alleged to have occurred or in which the Respondent transacts business. If this action involves a state agency or official, it may be brought in the Superior Court for the judicial district of Hartford.

A copy of any civil action brought pursuant to this release must be served on the Commission at 25 Sigourney Street, Hartford, CT 06106 at the same time all other parties are served. THE COMMISSION MUST BE SERVED BECAUSE IT HAS A RIGHT TO INTERVENE IN ANY ACTION BASED ON A RELEASE OF JURISDICTION PURSUANT TO CONN. GEN. STAT. § 46a-103.

The Complainant must bring an action in Superior Court within 90 days of receipt of this release and within two years of the date of filing the complaint with the Commission unless circumstances tolling the statute of limitations are present.

June 1, 2015
DATE

Tanya A. Hughes, Executive Director

cc: Thomas W. Bucci, Esq., via email: tbucci@wwblaw.com
    Lynn D. Wittenbrink, Assistant Attorney General, via email: wittenbrink@uchc.edu

PLAINTIFF'S EXHIBIT 2

EEOC Form 161-B (11/09)    **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| To: | Shawnee O'Donnell<br>15 Salemme Lane<br>Orange, CT 06477 | From: | Boston Area Office<br>John F. Kennedy Fed Bldg<br>Government Ctr, Room 475<br>Boston, MA 02203 |
|---|---|---|---|

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 16A-2015-00200 | Anne R. Giantonio,<br>Intake Supervisor | (617) 565-3189 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Kenneth An*

**Feng K. An,**
**Area Office Director**

MAY 1 2 2015
*(Date Mailed)*

Enclosures(s)

cc:
CONN., UCONN HEALTH CENTER
P.O. Box 4035
263 Farmington Avenue
Farmington, CT 06034

Thomas W. Bucci, Esq.
WILLINGER WILLINGER & BUCCI, P.C.
855 Main Street
Bridgeport, CT 06604