```
                  UNITED STATES DISTRICT COURT
                    DISTRICT OF CONNECTICUT

------------------------------- x
SHAWNEE O'DONNELL,              :
                                :
          Plaintiff,            :
                                :
v.                              :     Civil No. 3:15-cv-1191(AWT)
                                :
UNIVERSITY OF CONNECTICUT       :
HEALTH CENTER,                  :
                                :
          Defendant.            :
------------------------------- x
```

## ORDER RE MOTION FOR SUMMARY JUDGMENT

Defendant's Motion for Summary Judgment (Doc. No. 29) is hereby DENIED.

"A motion for summary judgment may properly be granted . . . only where there is no genuine issue of material fact to be tried, and the facts as to which there is no such issue warrant the entry of judgment for the moving party as a matter of law." Rogoz v. City of Hartford, 796 F.3d 236, 245 (2d Cir. 2015) (quoting Kaytor v. Elec. Boat Corp., 609 F.3d 537, 545 (2d Cir. 2010)) (citing Fed. R. Civ. P. 56(a)). "The function of the district court in considering the motion for summary judgment is not to resolve disputed questions of fact but only to determine whether, as to any material issue, a genuine factual dispute exists." Id. (quoting Kaytor, 609 F.3d at 545) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50) (1986)).

When ruling on a motion for summary judgment, the court must respect the province of the jury. "In reviewing the evidence and the inferences that may reasonably be drawn, the court 'may not make credibility determinations or weigh the evidence .... "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge."'" Kaytor, 609 F.3d at 545 (quoting Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000) (quoting Liberty Lobby, 477 U.S. at 255)). "Where an issue as to a material fact cannot be resolved without observation of the demeanor of witnesses in order to evaluate their credibility, summary judgment is not appropriate." Id. at 546 (quoting Fed. R. Civ. P. 56(e) Advisory Committee Note (1963)).

When reviewing the evidence on a motion for summary judgment, "'the court must draw all reasonable inferences in favor of the nonmoving party,' Reeves, 530 U.S. at 150, 'even though contrary inferences might reasonably be drawn,' Jasco Tools Inc. v. Dana Corp., 574 F.3d 129, 152 (2d Cir. 2009)." Kaytor, 609 F.3d at 545. "Summary judgment is inappropriate when the admissible materials in the record 'make it arguable' that the claim has merit, for the court in considering such a motion 'must disregard all evidence favorable to the moving party that

the jury is not required to believe.'" Id. (quoting Jasco Tools, 574 F.3d at 151-52).

Because credibility is not an issue on summary judgment, the nonmovant's evidence must be accepted as true for purposes of the motion. Nonetheless, the inferences drawn in favor of the nonmovant must be supported by the evidence. "[M]ere speculation and conjecture is insufficient to defeat a motion for summary judgment." Stern v. Trustees of Columbia Univ., 131 F.3d 305, 315 (2d Cir. 1997) (internal quotation marks omitted) (quoting W. World Ins. Co. v. Stack Oil, Inc., 922 F.2d 118, 121 (2d. Cir. 1990)).

Here, the plaintiff has established a prima facie case of retaliation under Title VII, and genuine issues of material fact exist as to whether there are circumstances that would be sufficient to permit a rational fact-finder to conclude that the employer's explanation is merely a pretext for impermissible retaliation.  Accordingly, the defendant has not met its burden at the summary judgment stage.

It is so ordered.

Signed this 28th day of August, 2017, at Hartford, Connecticut.

                                                          /s/ AWT
                                       Alvin W. Thompson
                                       United States District Judge